# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

BLEU H. FINSTER,

        Plaintiff,

v.                                                          Case No. 3:21-cv-454-JRK

KILOLO KIJAKAZI,
Acting Commissioner of Social
Security,

        Defendant.
_____

## OPINION AND ORDER[1]

### I. Status

Bleu H. Finster ("Plaintiff") is appealing the Commissioner of the Social Security Administration's ("SSA('s)") final decision denying her claim for disability insurance benefits ("DIB"). Plaintiff's alleged inability to work is the result of lower back and "pelvic [g]irdle" pain with associated "mobility issues," arthritis in her hips and spine, and "destabilization" in her back and hips "due to extended bed rest." Transcript of Administrative Proceedings (Doc. No. 13; "Tr." or "administrative transcript"), filed November 3, 2021, at 59, 76, 250. Plaintiff filed an application for DIB on November 13, 2018, alleging a disability

---

[1] The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. See Notice, Consent, and Reference of a Civil Action to a Magistrate Judge (Doc. No. 12), filed November 3, 2021; Reference Order (Doc. No. 17), entered November 4, 2021.

onset date of August 3, 2016.[2] Tr. at 208-10, 211-212. The application was denied initially, Tr. at 57, 58-74, 93-96, and upon reconsideration, Tr. at 75-91, 92, 100-06.

On July 29, 2020, an Administrative Law Judge ("ALJ") held a hearing via telephone,[3] during which Plaintiff (represented by a non-attorney representative, see Tr. at 41, 98) and a vocational expert ("VE") testified. Tr. at 41-56. At the time, Plaintiff was forty-five (45) years old. Tr. at 45. On October 5, 2020, the ALJ issued a Decision finding Plaintiff not disabled through the date of the Decision. See Tr. at 16-32.

Thereafter, Plaintiff sought review of the Decision by the Appeals Council and submitted a brief authored by her representative. See Tr. at 5-6 (Appeals Council exhibit list and order), 205-07 (request for review), 337-38 (brief). On March 5, 2021, the Appeals Council denied Plaintiff's request for review, Tr. at 1-4, thereby making the ALJ's Decision the final decision of the Commissioner. On April 26, 2021, Plaintiff commenced this action through counsel under 42 U.S.C. § 405(g) by timely filing a Complaint (Doc. No. 1), seeking judicial review of the Commissioner's final decision.

---

[2] The DIB application was actually completed on November 14, 2018, see Tr. at 211, but the protective filing date for the application is listed elsewhere in the administrative transcript as November 13, 2018, see, e.g., Tr. at 58, 208.

[3] The hearing was held via telephone with Plaintiff's consent because of extraordinary circumstances presented by the COVID-19 pandemic. See Tr. at 43, 160.

On appeal, Plaintiff argues: 1) the ALJ "improperly presumed that Exhibit 21F was simply an opinion from a physical therapist," when in reality it was ordered by and signed by a treating physician, and this presumption "led to [the ALJ] improperly evaluating [the treating physician's] opinions"; and 2) the ALJ erred in analyzing Plaintiff's "subjective pain complaints." Plaintiff's Brief (Doc. No. 25; "Pl.'s Br."), filed February 22, 2022, at 1; see id. at 12-20, 20-25. Responding, Defendant on April 19, 2022 filed a Memorandum in Support of the Commissioner's Decision (Doc. No. 26; "Def.'s Mem."). After a thorough review of the entire record and consideration of the parties' respective arguments, the undersigned finds that the Commissioner's final decision is due to be reversed and remanded for reconsideration of the physical therapist and treating physician opinions.

On remand, an evaluation of the opinion evidence may impact the Administration's consideration of Plaintiff's subjective pain complaints. For this reason, the Court need not address Plaintiff's argument in this regard. See Jackson v. Bowen, 801 F.2d 1291, 1294 n.2 (11th Cir. 1986) (per curiam) (declining to address certain issues because they were likely to be reconsidered on remand); Demenech v. Sec'y of the Dep't of Health & Human Servs., 913 F.2d 882, 884 (11th Cir. 1990) (per curiam) (concluding that certain arguments need not be addressed when the case would be remanded on other issues).

## II. The ALJ's Decision

When determining whether an individual is disabled,[4] an ALJ must follow the five-step sequential inquiry set forth in the Code of Federal Regulations ("Regulations"), determining as appropriate whether the claimant (1) is currently employed or engaging in substantial gainful activity; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals one listed in the Regulations; (4) can perform past relevant work; and (5) retains the ability to perform any work in the national economy. 20 C.F.R. § 404.1520; see also Simon v. Comm'r, Soc. Sec. Admin., 7 F.4th 1094, 1101-02 (11th Cir. 2021) (citations omitted); Phillips v. Barnhart, 357 F.3d 1232, 1237 (11th Cir. 2004). The claimant bears the burden of persuasion through step four, and at step five, the burden shifts to the Commissioner. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

Here, the ALJ followed the five-step sequential inquiry through step four, where he ended the inquiry based on his findings at that step. See Tr. at 19-32. At step one, the ALJ determined Plaintiff "has not engaged in substantial

---

[4] "Disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

gainful activity since August 8, 2016, the alleged onset date."[5] Tr. at 19 (emphasis and citation omitted). At step two, the ALJ found that Plaintiff "has the following severe impairment[]: degenerative disc disease." Tr. at 19 (emphasis and citation omitted). At step three, the ALJ ascertained that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 [C.F.R.] Part 404, Subpart P, Appendix 1." Tr. at 23 (emphasis and citation omitted).

The ALJ determined that Plaintiff has the following residual functional capacity ("RFC"):

> [Plaintiff can] perform sedentary work as defined in 20 [C.F.R. §] 404.1567(a) except with only frequently handling and fingering, bilaterally.

Tr. at 24 (emphasis omitted). At step four, the ALJ found that Plaintiff "is capable of performing past relevant work as a Customer Service Representative, Insurance Service Agent, and Billing Collections Representative" because "[t]his work does not require the performance of work-related activities precluded by [Plaintiff's RFC]." Tr. at 31 (emphasis and citation omitted). The ALJ concluded Plaintiff "has not been under a

---

[5] There is some question whether Plaintiff ultimately alleged disability beginning August 8, 2016, as the ALJ wrote, Tr. at 16; see also Tr. at 32, 47, or August 3, 2016, as appears on Plaintiff's application, Tr. at 208, 211. This five-day discrepancy is immaterial to the issues presented.

disability . . . from August 8, 2016, through the date of th[e D]ecision." Tr. at 32 (emphasis and citation omitted).

### III. Standard of Review

This Court reviews the Commissioner's final decision as to disability pursuant to 42 U.S.C. § 405(g). Although no deference is given to the ALJ's conclusions of law, findings of fact "are conclusive if . . . supported by 'substantial evidence.'" Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001) (citing Falge v. Apfel, 150 F.3d 1320, 1322 (11th Cir. 1998)). "Substantial evidence is something 'more than a mere scintilla, but less than a preponderance.'" Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987)). The substantial evidence standard is met when there is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Falge, 150 F.3d at 1322 (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)); see also Biestek v. Berryhill, 139 S.Ct. 1148, 1154 (2019); Samuels v. Acting Comm'r of Soc. Sec., 959 F.3d 1042, 1045 (11th Cir. 2020) (citation omitted). It is not for this Court to reweigh the evidence; rather, the entire record is reviewed to determine whether "the decision reached is reasonable and supported by substantial evidence." Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991) (citation omitted). The decision reached by the Commissioner must be affirmed if it is supported by substantial evidence—even if the evidence preponderates against

the Commissioner's findings. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004) (per curiam).

## IV. Discussion

Plaintiff argues the ALJ erred first in failing to recognize that the Functional Capacity Evaluation ("FCE") performed by physical therapist Preston Miller on July 10, 2019 (a portion of Exhibit 21F, located at Tr. at 753-61[6]) was also signed by treating physician Patrick Burns, D.O., and second in improperly evaluating Dr. Burns's adopted FCE opinion, as well as an opinion issued by Dr. Burns one week later (a portion of Exhibit 21F, located at Tr. at 751-52). Pl.'s Br. at 1, 12-20. Responding, Defendant "assum[es] the [FCE] opinion is [also] from Dr. Burns" (while recognizing there could be an argument to the contrary), but argues the ALJ did not err because the ALJ specifically discussed the FCE and properly evaluated Dr. Burns's later opinion. Def.'s Mem. at 7, 4-13.

The SSA revised the rules regarding the evaluation of medical evidence for claims filed on or after March 27, 2017. See Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844, 5844 (January 18, 2017); see also 82 Fed. Reg. 15,132 (March 27, 2017) (amending and correcting the final Rules published at 82 Fed. Reg. 5,844). Because Plaintiff filed her DIB

---

[6] A duplicate of this FCE appears on pages 798-806 of the administrative transcript.

application after that date, the undersigned applies the revised rules and Regulations.

Under the new rules and Regulations, "A medical opinion is a statement from a medical source about what [the claimant] can still do despite [his or her] impairment(s) and whether [the claimant] ha[s] one or more impairment-related limitations or restrictions in the following abilities:" 1) the "ability to perform physical demands of work activities"; 2) the "ability to perform mental demands of work activities"; 3) the "ability to perform other demands of work, such as seeing, hearing, or using other senses"; and 4) the "ability to adapt to environmental conditions." 20 C.F.R. § 404.1513(a)(2); see also 20 C.F.R. § 404.1502 (listing "[a]cceptable medical sources" and not including physical therapists). An ALJ need not "defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) . . . , including those from [the claimant's] medical sources." 20 C.F.R. § 404.1520c(a); see also Walker v. Soc. Sec. Admin., Comm'r, No. 21-12732, 2022 WL 1022730, at *2 (11th Cir. Apr. 5, 2022) (unpublished) (citations omitted) ("Under the new regulatory scheme, the ALJ must articulate how persuasive he finds each medical opinion, but he no longer must assign more weight to a treating source's medical opinion or explain why good cause exists to disregard it.").

The following factors are relevant in an ALJ's consideration of a medical opinion: (1) "[s]upportability"; (2) "[c]onsistency"; (3) "[r]elationship with the

claimant"; (4) "[s]pecialization"; and (5) other factors, such as "evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of [the SSA's] disability program's policies and evidentiary requirements." 20 C.F.R. § 404.1520c(c). Supportability and consistency are the most important factors, and the ALJ must explain how these factors were considered. 20 C.F.R. § 404.1520c(b)(2). Generally, the ALJ is not required to explain how he or she evaluated the remaining factors. 20 C.F.R. § 404.1520c(b)(2). However, if the ALJ "find[s] that two or more medical opinions . . . about the same issue are both equally well-supported . . . and consistent with the record . . . but are not exactly the same, [the ALJ must] articulate how [he or she] considered the other most persuasive factors . . . ." 20 C.F.R. § 404.1520c(b)(3). When a medical source provides multiple opinions, the ALJ is also not required to articulate how he or she evaluated each medical opinion individually. 20 C.F.R. §§ 404.1520c(b)(1), 416.920c(b)(1). Instead, the ALJ must "articulate how [he or she] considered the medical opinions . . . from that medical source together in a single analysis using the factors listed [above], as appropriate." 20 C.F.R. § 404.1520c(b)(1).

The RFC assessment "is the most [a claimant] can still do despite [his or her] limitations." 20 C.F.R. § 404.1545(a)(1). It is used at step four to determine whether a claimant can return to his or her past relevant work, and if necessary, it is also used at step five to determine whether the claimant can perform any

other work that exists in significant numbers in the national economy. 20 C.F.R. § 404.1545(a)(5). In assessing a claimant's RFC, the ALJ "must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not 'severe.'" SSR 96-8P, 1996 WL 374184 at *5; see also Pupo v. Comm'r, Soc. Sec. Admin., 17 F.4th 1054, 1064 (11th Cir. 2021) (citing Schink v. Comm'r of Soc. Sec., 935 F.3d 1245, 1268 (11th Cir. 2019)); Swindle v. Sullivan, 914 F.2d 222, 226 (11th Cir. 1990) (stating that "the ALJ must consider a claimant's impairments in combination") (citing 20 C.F.R. § 404.1545; Reeves v. Heckler, 734 F.2d 519, 525 (11th Cir. 1984)).

Here, for the reasons stated below, the undersigned finds the ALJ erred in evaluating Mr. Miller's and Dr. Burns's opinion regarding Plaintiff's ability to perform grasping and manipulation with her upper extremities. As to Mr. Miller's opinion, the ALJ recognized that "[i]n July 2019, a physical therapist provided an opinion" in which the therapist, Mr. Miller, opined Plaintiff was limited to sedentary work with additional restrictions of only occasionally performing such activities as "firm grasping, stairs, ladders, bending, squatting, keeling, crawling and static balancing." Tr. at 29; see Tr. at 753-61. The ALJ, however, found the opinion to be "inconsistent with the radiographic evidence and examination results [the ALJ] cited in addressing [another treating physician's opinion]." Tr. at 29. The ALJ went on to focus on other examination findings regarding Plaintiff's neck, gait, motor strength, lower body muscle

strength, and general sensation and reflexes. Tr. at 29. The ALJ concluded that the other examination findings were "inconsistent with Mr. Miller's conclusion that [Plaintiff] should avoid stairs, bending, squatting, kneeling, crawling and static bending" and "[t]he findings concerning her strength, gait, and range of motion are also inconsistent with Mr. Miller's conclusion that [Plaintiff] is limited to sedentary work." Tr. at 29. The ALJ did not recognize that Mr. Miller's opinion was also signed by Dr. Burns.

Without having to decide whether Mr. Miller's opinion was adopted by Dr. Burns by virtue of Dr. Burns having signed it, the undersigned finds that the ALJ erred in evaluating Mr. Miller's opinion because the stated reasons for finding Mr. Miller's opinions inconsistent with other examinations do not address Plaintiff's upper extremity limitations. Given that Mr. Miller assigned more stringent upper extremity limitations than present in the ultimately-assigned RFC, this error is not harmless. Further, the VE testified that only occasional handling and fingering, as Mr. Miller assigned, would preclude Plaintiff's past relevant work and there would be no other work in the national economy that Plaintiff could perform. Tr. at 55. The matter must be remanded for the ALJ to address these matters. It is also confusing that the ALJ found Mr. Miller's assignment of sedentary work to be "inconsistent" with other findings concerning "strength, gait, and range of motion," but the ALJ

ultimately assigned a sedentary work level in the RFC. Compare Tr. at 29, with Tr. at 24. This should be addressed on remand as well.

The ALJ then addressed Dr. Burns's opinion authored on July 17, 2019, one week after the FCE. Tr. at 30; see Tr. at 751-72. The ALJ recognized that "Dr. Burns noted [Plaintiff] had decreased grip strength, ability to perform fine manipulation, a limited range of motion, and a gait disturbance, amongst other symptoms." Tr. at 30. The ALJ also recognized Dr. Burns's findings that Plaintiff's "grip strength was '2/5' and her lower extremity strength was '4/5'" and that Plaintiff "did not require an assistive device for ambulation, but was unable to perform fine or gross manipulation on a sustained basis." Tr. at 30.

The ALJ found "Dr. Burns'[s] opinion is inconsistent with the record." Tr. at 30. Specifically as to Plaintiff's wrist issues, the ALJ referred back to previous findings that Plaintiff does not suffer from a severe impairment relating to her wrist and further found "the record supports the conclusion that [Plaintiff] does not have any significant limitations concerning her fine and gross manipulation beyond what is in the [RFC] assessment." Tr. at 30. The rest of the ALJ's findings regarding Dr. Burns's opinion being inconsistent with the record pertained to Plaintiff's neck, motor strength, sensation, reflexes, back, and legs. Tr. at 30.

The ALJ in finding Dr. Burns's opinion inconsistent with the record did not address the FCE findings specifically concerning Plaintiff's upper

extremities, grip and fine motor coordination. See Tr. at 30. This is important because Dr. Burns's opinion in this regard appears consistent with the FCE findings, and consistency is a factor that must be addressed in evaluating a medical opinion. See 20 C.F.R. § 404.1520c(b)(2). The matter must be remanded for the ALJ to address these matters.

### V. Conclusion

In light of the foregoing, it is

**ORDERED**:

1. The Clerk of Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g), **REVERSING** the Commissioner's final decision and **REMANDING** this matter with the following instructions:

(A) Consider Mr. Miller's and Dr. Burns's opinions consistent with the applicable Regulations, particularly as the opinions relate to Plaintiff's upper extremity limitations;

(B) If appropriate, address the other issue raised by Plaintiff in this appeal; and

(C) Take such other action as may be necessary to resolve this claim properly.

2. The Clerk is further directed to close the file.

3. In the event benefits are awarded on remand, Plaintiff's counsel shall ensure that any § 406(b) fee application be filed within the parameters set

forth by the Standing Order on Management of Social Security Cases entered on December 7, 2021 in Case No. 3:21-mc-001-TJC (Doc. No. 43, ¶¶ 6, 8).

**DONE AND ORDERED** in Jacksonville, Florida on June 8, 2022.

_____
JAMES R. KLINDT
United States Magistrate Judge

kaw
Copies to:
Counsel of Record